11-1805-cv
Diagne v. New York Life Insurance Company

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of July, two thousand twelve.

PRESENT:
>AMALYA L. KEARSE,
>ROSEMARY S. POOLER,
>DEBRA ANN LIVINGSTON,
>>*Circuit Judges.*

_____

Amadou Diagne,

>*Plaintiff-Appellant*,

>v.                                                                              11-1805-cv

New York Life Insurance Company,

>*Defendant-Appellee*,

_____

For Appellant:                    Amadou Diagne, *pro se*, New York, New York.

For Appellee:                     Melissa C. Rodriguez, Leni D. Battaglia,
                                          Morgan, Lewis & Bockius LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, *J.*; Gorenstein, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED**.

Appellant Amadou Diagne, proceeding pro se, appeals from the district court's grant of summary judgment in favor of Appellee, dismissing his employment discrimination complaint. We assume the parties' familiarity with the underlying facts, the procedural history, and specification of issues for review.

This Court reviews orders granting summary judgment de novo. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In determining whether there are genuine issues of material fact, the Court must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party. *See, e.g.*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). There is no "genuine" issue, and summary judgment is appropriate, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

After an independent review of the record and relevant case law, we conclude that the district court properly dismissed Diagne's complaint for substantially the same reasons articulated by the magistrate judge in his well-reasoned report and recommendation and by the district court in its well-reasoned decision. We have considered Diagne's arguments on appeal and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2